UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MELISSA OBERNDORFER, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | Case No. 4:10CV00145 ERW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Melissa Oberndorfer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. The Government filed its Response [doc. #5] on April 7, 2010.

### I. BACKGROUND AND PROCEDURAL HISTORY

On November 13, 2008, a federal grand jury in the Eastern District of Missouri indicted Melissa Oberndorfer ("Movant"), charging her with conspiracy to possess pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 846, and possession of pseudoephedrine knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Movant pled guilty to both charges on February 2, 2009.

At the February 2, 2009 Change of Plea Hearing, Movant was placed under oath and promised to tell the truth. (Change of Plea Hrg. Tr. P.2 L.24-P.3 L.19). She answered questions about her background and general competency. (Change of Plea Hrg. Tr. P.5 L.4-L.15). She then answered questions from the Court regarding her relationship with her attorney, Mr. Stenger. First, the Court asked Movant whether she believed Mr. Stenger conducted himself in a

manner causing her to have a complaint against him. Movant responded "No." The Court then asked Movant whether she was entirely satisfied with Mr. Stenger's services as her lawyer. Movant responded "Yes." (Change of Plea Hrg. Tr. P.7 L.15-P.8 L.4).

Next, the Court discussed the Plea Agreement with Movant. Movant stated that she had the opportunity to read the Agreement and discuss it fully with Mr. Stenger before signing it. (Change of Plea Hrg. Tr. P.12 L.4-L.9). Further, Movant acknowledged that she understood the terms of the Agreement and confirmed that, aside from the Agreement itself, no one had "made any other or different promises, representations or assurances . . . in an effort or attempt to get [her] to enter a plea of guilty." (Change of Plea Hrg. Tr. P.12 L.14-L.22). The Court also addressed the parties' agreement to waive appellate rights, provided the Court accept the plea, as set forth in the Plea Agreement. (Change of Plea Hrg. Tr. P.15 L.4-L.24).

Movant stated at the Change of Plea Hearing that she was aware that the Court could impose a sentence more severe than she anticipated or expected and that she would not have the right to withdraw her plea. (Change of Plea Hrg. Tr. P.13 L.12-L.17). The Court later specifically asked Movant if she knew that the sentence imposed may actually be different from any of her estimates or any estimate Mr. Stenger may have given her. Movant answered "Yes." (Change of Plea Hrg. Tr. P.21 L.16-L.19). Additionally, the Court discussed the possibility that the Government might file a motion for downward departure under Section 5K1.1 of the Sentencing Guidelines. The Court specifically asked Movant if she was aware that "[t]he determination as to whether or not the Government will [file the motion] is totally up to [Assistant United States Attorney] Mr. Tihen." Movant responded "Yes." (Change of Plea Hrg. Tr. P.18 L.18-P.19 L.5).

After conferring with Mr. Stenger, Movant entered a guilty plea. In response to questions from the Court, Movant confirmed that she understood all of the Court's questions and that she had answered them truthfully and honestly. (Change of Plea Hrg. Tr. P.22 L.18-L.22). On June 26, 2009, the Court sentenced Movant to 37 months in prison. On January 26, 2010, Movant filed the pending Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. As grounds for her Motion, Movant asserts that Mr. Stenger provided ineffective assistance of counsel by (1) leading her to believe she would only get probation instead of imprisonment; (2) failing to assert her right to appeal; and (3) failing to file a motion for downward departure under Section 5K1.1 of the Sentencing Guidelines.

## II. STANDARD OF REVIEW

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255 for a constitutional violation, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could

3

have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

### III. DISCUSSION

#### A. RIGHT TO EVIDENTIARY HEARING

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

#### B. INEFFECTIVE ASSISTANCE OF COUNSEL

A claim alleging a violation of the Sixth Amendment right to effective assistance of counsel may be raised for the first time in a § 2255 motion, regardless of whether the claim could

4

have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity fully to develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would claim his own ineffective assistance on appeal. 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure* § 594.1, at 710 (3d ed. 2004). Demonstrating ineffective assistance of counsel will normally satisfy the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Establishing ineffective assistance of counsel, however, is "a heavy burden." *Id.*

To prove ineffective assistance of counsel, a movant must demonstrate: (1) that her counsel's performance was deficient due to "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," and (2) that this "deficient performance prejudiced the defense" because "counsel's errors were so serious" they deprived movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1987). The Supreme Court has held that this two-part test also applies in situations where a movant raises ineffective assistance of counsel claims after entering a guilty plea instead of proceeding to trial, as is the present case. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). To satisfy the prejudice requirement in this situation, a movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. Both prongs of the test must be satisfied in order for the claim to succeed, and if a movant fails to make a sufficient showing under one prong, the court need not

5

address the other. *Strickland*, 466 U.S. at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) (citing *United States v. Flynn*, 87 F.3d 996, 1000 (8th Cir. 1996)).

When evaluating whether an attorney's performance was so deficient that it failed to meet the Sixth Amendment's guarantee of "counsel," the Court applies "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Movant bears the burden of proving counsel's performance was unreasonable, considering the all of the circumstances. *Id.* There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Movant contends that her counsel, Mr. Stenger, was ineffective for three reasons. First, Movant alleges that Mr. Stenger led her to believe she would be sentenced to probation instead of imprisonment. Second, Movant alleges that Mr. Stenger denied her the right to appeal. Finally, Movant alleges that Mr. Stenger failed to file a motion for downward departure under Section 5K1.1 of the Sentencing Guidelines.

### 1. Allegation One: Counsel Misled Movant Regarding Sentence

First, Movant contends that Mr. Stenger was ineffective because he "had [her] believing [she] would only get probation up until [she] got sentenced 37 months." (Motion, doc. #1, p.4). The record tells a different story.

Movant entered into a Plea Agreement with the Government on February 2, 2009. Section Six of that Agreement, entitled "PENALTIES," states that Movant "fully understands" the maximum penalty for both Counts One and Five is imprisonment up to twenty years, a fine of not more than $250,000, or both fine and imprisonment. Moreover, Section Three of the Agreement established Movant's Estimated Total Offense Level at 23 under the 2008 version of

the Sentencing Guidelines Manual,[1] pending investigation into her criminal history.  Without the later-applied safety valve provision,[2] Movant's sentencing range stood at 46 to 57 months when she executed the plea agreement.[3]

      The day the Plea Agreement was signed, Movant appeared before this Court at her Change of Plea Hearing.  While under oath, Movant assured the Court that she understood the questions she had been asked and that she had answered them truthfully and honestly.  (Change of Plea Hrg. Tr. P.22 L.18-L.22).  At the hearing, Movant expressed satisfaction with Mr. Stenger's conduct and service as her attorney.  (Change of Plea Hrg. Tr. P.7 L.22-P.8 L.24).  She acknowledged that she read the Plea Agreement in its entirety, that she discussed it fully to her satisfaction with Mr. Stenger, and that she understood all of the terms of the Agreement.  Movant also affirmed that she had not received any promises, representations, or assurances in agreeing

---

[1] The 2008 version of the Sentencing Guidelines was used because it was the agreed upon recommendation of the parties as set forth in the Plea Agreement.  (Plea Agreement, crim. doc. #66, p. 6) ("The parties recommend that the 2008 version of the Guidelines applies.").

[2] Under 2D1.1(b)(11) of the Sentencing Guidelines, the total offense level may be decreased two levels for criminal defendants convicted of offenses involving drugs.  This provision is applied by the court if the defendant meets the criteria set forth in Section 5C1.2 of the Guidelines.  Here, the Court applied the safety valve provision at Movant's Sentencing Hearing thereby reducing Movant's total offense level to 21, which carries a sentencing range from 37 to 46 months.  (Sent. Hrg. Tr. P.4 L.16-P.6 L.5).  The Presentence Investigation Report noted the potential application of the safety valve provision meaning Movant was aware prior to the Sentencing Hearing that it could apply.  (Presentence Investigation Report, crim. doc. #103, p.15).

[3] While the Plea Agreement does not explicitly mention this sentencing range, it does estimate the Total Offense Level at 23.  (Plea Agreement, crim. doc. #66, p. 8).  Because Movant represented to the Court, under oath, that she read and understood all of the terms of the Agreement, it is reasonable to assume she understood the meaning behind this offense level. (Change of Plea Hrg. Tr. P.12 L.4-L.22).

to enter a guilty plea.[4] (Change of Plea Hrg. Tr. P.12 L.4-L.22). Moreover, Movant acknowledged that "the sentence imposed may actually be different from any estimate that [she] may have expected or that Mr. Stenger may have given . . . ." (Change of Plea Hrg. Tr. P.21 L.16-L.19).

Additionally, Mr. Stenger filed an affidavit on April 7, 2010, that is consistent with Movant's statements at her Change of Plea hearing. In the affidavit, Mr. Stenger stated that he "regularly and consistently explained the possible sentencing range" to Movant. (Affidavit, doc. #5, p.1). Mr. Stenger further stated that he spent two hours discussing the Plea Agreement with Movant, and that he spent "several hours over numerous days discussing sentencing issues" with Movant. (Affidavit, doc. #5, p.1-2).

Even without Mr. Stenger's affidavit, the record indicates that Mr. Stenger acted reasonably in advising Movant of her possible sentence. Movant indicated to this Court, under oath, that she was satisfied with Mr. Stenger's counsel, that she read and understood the Plea Agreement which established her offense level at 23, that she discussed the Agreement with Mr. Stenger, and that she understood that the sentence imposed may differ from her expectation or any estimate given by Mr. Stenger. It is clear from the record that Movant understood the terms of the Plea Agreement, and that she understood that the outcome may differ from her expectations. Even if Movant expected to receive only probation, such a mistaken belief is not sufficient to vacate her sentence. *See Sweeden v. United States*, 209 F.2d 524, 527 (8th Cir.

---

[4]The Plea Agreement itself is an exception. The Court made this clear when asking Movant whether such promises had been made. (Change of Plea Hrg. Tr. P.12 L.14-L.18) ("Q: *Other than this Agreement*, has anyone at any time made any other of different promises, representations or assurances to you . . .") (emphasis added).

1954) (stating that a sentence "more severe than . . . anticipated is of no consequence so far as [its] legality is concerned").

Considering all of the circumstances, the Court concludes that Mr. Stenger acted reasonably in advising Movant regarding her sentence. Given Movant's stated satisfaction and assurances to the Court, nothing in the record rebuts the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1987). There is no indication that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687. Accordingly, the Court finds that Mr. Stenger's conduct did not fall below the level of reasonable assistance of counsel. Because Movant failed to satisfy the first prong of *Strickland*, the second prong need not be addressed. Movant's first ineffective assistance of counsel claim fails on the merits.

### 2. Allegation Two: Counsel Denied Movant the Right to Appeal

Movant next contends that Mr. Stenger denied her the right to appeal because he "told [her] that [she] had 30 days to appeal but then told [her] to sign the paper right after court because it wouldn't do no [sic] good to appeal" and that "the prosecutor would not budge." (Motion, doc. #1, p. 4). Movant additionally claims that she did not have sufficient time to think about whether she wanted to file a Notice of Appeal.

The record indicates that Movant waived her right to appeal by signing the Plea Agreement and receiving a sentence within the agreed upon range. The Plea Agreement states in pertinent part:

9

> In the event the Court accepts the plea, as part of this agreement, . . . the defendant . . . hereby waive[s] all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea. . . .
>
> In the event the Court accepts the plea and, in sentencing the defendant, 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, . . . the defendant . . . hereby waive[s] all rights to appeal all sentencing issues. . . .
>
> The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, . . . except for claims of prosecutorial misconduct or ineffective assistance of counsel.

(Plea Agreement, doc. #66 in 4:08CR00637 ERW, p.3-4). In accordance with the terms of the Plea Agreement, the Court sentenced Movant to 37 months imprisonment. The Court found that Movant willingly and intelligently entered a guilty plea, and the Plea Agreement signed by Movant states that she voluntarily executed the Agreement. The waiver provisions contained in the Plea Agreement are therefore valid and enforceable. *See United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (finding that a defendant may waive valuable appellate rights if done knowingly and voluntarily).

Notwithstanding a valid waiver of appellate rights, a court will not enforce a waiver if it will "result in a miscarriage of justice." *Id.* at 891 (noting that the miscarriage of justice exception is "a narrow one and will not be allowed to swallow the general rule that waivers of appellate rights are valid"). In this case, Movant has not asserted that enforcing her waiver would result in a miscarriage of justice, nor do the facts alleged suggest that the exception applies. Movant signed a Certificate of Compliance with Local Rule 12.07(a) on June 26, 2009, which stated that she "has been fully informed of the right to appeal the final judgment in this case and

declines to file a Notice of Appeal, and has instructed counsel not to do so." (Notice, doc. #104 in 4:08CR00637 ERW, p.1). Since then, Movant has not alleged that she actually would have appealed, and she asserts no ground upon which she allegedly would have appealed. Consequently, even if Movant could meet the first prong of *Strickland* with respect to her second ineffective assistance of counsel claim, she fails on the second prong because she cannot prove prejudice. Movant cannot demonstrate that the outcome was affected, as she has not alleged that she would have appealed in the first place.

Movant's second ineffective assistance of counsel claim fails because, at a minimum, she was not prejudiced since she never alleged any actual intention to appeal. As both prongs of the *Strickland* test must be satisfied in order for an ineffective assistance of counsel claim to proceed, Movant's second ineffective assistance of counsel claim fails on the merits.

### 3. Allegation Three: Counsel Failed to File a 5K1.1 Motion

Finally, Movant claims that Mr. Stenger was ineffective for refusing to file a motion for downward departure under Section 5K1.1 of the Sentencing Guidelines. The Sentencing Guidelines clearly reflect, however, that it was solely the Government's responsibility to file such a motion. Section 5K1.1 of the Sentencing Guidelines states, in pertinent part, "[u]pon *motion of the government* stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S. Sentencing Guidelines Manual § 5K1.1 (2008) (emphasis added). Thus, it is clear that it is solely the Government's responsibility to file a 5K1.1 motion, not that of the defense attorney.

11

Further, Movant was clearly informed by both the Plea Agreement and this Court that it was the Government's decision alone as to whether to file a motion under Section 5K1.1 of the Guidelines. Section 2(G) of the Plea Agreement states:

> At or near the time of sentencing, the government alone will determine whether the defendant's assistance has been substantial enough to warrant the filing of a motion for downward departure under Section 5K1.1 of the Guidelines. The defendant fully understands that the government alone will determine what constitutes substantial assistance and the government alone will determine whether to file a motion for downward departure. The defendant further understands that there will be no downward departure without a motion by the government.

(Plea Agreement, doc. #66 in 4:08CR00637 ERW, p.5-6). As indicated in previous sections, Movant informed this Court that she had the opportunity to read the Plea Agreement in its entirety, that she discussed it fully with Mr. Stenger, and that she understood all of its terms. (Change of Plea Hrg. Tr. P.12 L.4-L.22). Additionally, this Court specifically addressed the possibility of a motion for downward departure at the Change of Plea Hearing:

> Q: . . . At some time the Government will be making an analysis as to whether what you say arises to the level of substantial assistance. If the Government decides that it does, then it can file a motion which will allow me to sentence you at something less than the minimum guideline sentencing range. The determination as to whether or not the Government will do that is totally up to Mr. Tihen. If he decides not to do it, there's nothing I can do to force him to do so. Are you aware of that?
>
> A: Yes.

(Change of Plea Hrg. Tr. P.18 L.21- P.19 L.5). The record clearly reflects that Movant was aware that the Government was responsible for filing the Section 5K1.1 motion if it was satisfied that Movant provided substantial assistance.

12

Mr. Stenger did not have the authority, let alone an obligation, to file a motion for downward departure under Section 5K1.1 of the Guidelines. Therefore, Mr. Stenger's conduct in not filing the motion did not fall below the level of reasonable assistance of counsel. Movant has failed to meet the first prong of the *Strickland* test for her third allegation of ineffective assistance of counsel. As both prongs of the *Strickland* test must be satisfied in order for an ineffective assistance of counsel claim to proceed, there is no need for the Court to analyze the second prong. Movant's third ineffective assistance of counsel claim fails on the merits.

## IV.   CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## V.   CONCLUSION

Movant's three claims of ineffective assistance of counsel are clearly refuted by the record in this case, and therefore an evidentiary hearing is not required. Further, Movant is unable to prove that her counsel's performance did not meet an objective standard of reasonableness and resulted in prejudice. Such failure is fatal to her ineffective assistance of counsel claims.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Melissa Oberndorfer's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

Dated this 30th Day of November, 2010.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE